JON M. SANDS
Federal Public Defender
JAMES D. RAEL #034405
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700
james_rael@fd.org
*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-50159-PHX-DLR |
| Plaintiff, | **DEFENDANT'S DISPOSITION MEMORANDUM** |
| vs. | |
| Ibrahim Al-Amreeki, | |
| Defendant. | |

Supervised release has run its course in this case, and (8) months incarceration is an appropriate terminal disposition. Twelve (12) months incarceration is not necessary to accomplish the disposition goals of 18 USC § 3583(e).

Al-Amreeki is before the Court on his second revocation of supervised release. Al-Amreeki takes full responsibility for absconding, and he is ready to face the consequences of his actions.

Al-Amreeki experienced a period of stability following his release from custody. *This lasted for months*. He lived with his mom, engaged in treatment, and sought employment. Al-Amreeki had long periods of sobriety with negative drug screens. He communicated with his probation officer and largely followed the conditions of his supervision.

By the end of August 2024, Al-Amreeki had submitted multiple negative drug screens and undergone mental health screening by Community Bridges. "He had just completed several interviews and his mother advised he was continuing to do well at her residence with no issues." *See* Supervised Release Violation Report (Doc. 16) at 6. Al-Amreeki was largely sober until November 2024, and he reported regularly to his assigned probation officer, even after he made the difficult decision to leave his mother's house.

Al-Amreeki's decision to abscond is regrettable. He has now served nearly three years in custody for the underlying offense conduct. His underlying charge, threatening communications transmitted in interstate commerce, has a statutory maximum penalty of five years imprisonment. According to the factual basis of Al-Amreeki's plea agreement, he threatened to kill his wife and FBI agents. Al-Amreeki was never charged with any offenses related to plans to carry out these threats, and the threats were communicated electronically.

The question for the Court now is whether it is necessary or appropriate to keep Al-Amreeki on supervised release. There is no need for additional treatment or supervision in the community. Al-Amreeki has made substantial efforts to address his mental health and substance abuse issues. The framework that supervised release provides is no longer useful here. Because Al-Amreeki violated a second time, some period of incarceration is appropriate. But the disposition goals can be accomplished with less than twelve (12) months in custody. Given all the § 3583(e) factors, an eight (8) month terminal disposition is appropriate.

Respectfully submitted:             June 20, 2025.

JON M. SANDS
Federal Public Defender

  *s/James D. Rael*
JAMES D. RAEL
Assistant Federal Public Defender
*Attorney for Defendant*